**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| FREDDIE FELICIANO, | CIVIL ACTION NO. 04-4979 (MLC) |
| Petitioner, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Respondent. |  |

**COOPER, District Judge**

This matter comes before the Court on the pro se motion of Freddie Feliciano ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The underlying criminal cases in this Court were all captioned United States v. Freddie Feliciano, bearing Crim. Nos. 99-233, -236, -243, -249, and -263. For the reasons set forth herein, issued without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court will deny the motion.[1]

**I.   BACKGROUND**

Petitioner entered a plea of guilty on May 13, 1999, to 16 counts of bank robbery, in violation of 18 U.S.C. § 2113. Those

---

[1] The records filed in this matter are the following numbered docket entries ("dkt."): Petitioner's motion under 28 U.S.C. § 2255 (dkt. 1); Miller notice (dkt. 4); Order to Answer (dkt. 5); and Answer (dkt. 6). The filed records of the underlying criminal cases are on the criminal docket in this Court. Those cases were sentenced simultaneously, resulting in identical Judgments of Conviction filed on the docket of each case. (See dkt. 6, Exhibits A-E (criminal docket sheets).)

counts were encompassed in four Indictments transferred to this District under Fed.R.Crim.P. 20 from Delaware, Maryland, Pennsylvania and Virginia (99-243, -233, -236 and -249, respectively), and one felony Information (99-263) based on offenses committed in this District.  He was sentenced on December 10, 1999, to a term of 125 months imprisonment on each count, with all counts to run concurrently, and 3 years of supervised release on each count, also concurrently, and a total of $43,834 in restitution to the victim banks.

The Judgments of Conviction were entered on December 17, 1999.  (Dkt. 6, Exhibits A-E.)  Petitioner did not appeal.  On October 12, 2004, he filed this Section 2255 motion.  He has been afforded the required Miller notice and has not responded; and the government has filed its Answer.  See n.1 supra.

Petitioner alleges the following ground for relief:

> Violation of Constitutional Rights guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution to notice of charges against me and trial by jury.  I pled guilty to bank robberies.  At sentencing I was enhanced beyond what was stipulated to in the plea agreement.

(Dkt. 1, ¶ 12.A.)  Upon review of the motion papers and the relevant materials contained in the record of the underlying criminal matter, this Court finds that an evidentiary hearing is not required.  See Rules Governing Section 2255 Proceedings for U.S. District Courts, Rule 8(a); United States v. McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).

**II.   DISCUSSION**

> Under 28 U.S.C. § 2255:
>
> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the motion.  See United States v. Abbott, 975 F.Supp. 703, 705 (E.D. Pa. 1997).

We read petitioner's motion to assert a so-called Booker claim, alleging that his sentence is unconstitutional because it was imposed under the pre-Booker determinate Federal Sentencing Guidelines scheme.  That claim is not cognizable in this Section 2255 motion, and therefore the petition must be denied.  The record conclusively shows that petitioner's conviction became final, and this post-conviction collateral review was pending, before Booker was decided on January 12, 2005.  United States v. Booker, 543 U.S. 220 (2005).  Where, as here, a petitioner's case was pending on collateral review when Booker was decided, Booker cannot be applied retroactively to provide relief from a final conviction.  Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005).

3

Although petitioner's Section 2255 motion invokes Blakely rather than Booker, having been filed before Booker was announced, the result is the same.  As the Third Circuit pointed out in Lloyd:

> It is the date on which Booker issued, rather than the date on which Blakely issued, that is the "appropriate dividing line." ... Blakely ... reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system.

Lloyd, 407 F.3d at 611, n.1 (citing McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).

Petitioner's motion is also untimely, having been filed after expiration of the one-year statute of limitation established under 28 U.S.C. § 2255.  As noted above, the Judgments of Conviction were filed on December 17, 1999, and were not appealed.  The convictions therefore became final when his time to file a direct appeal expired.  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Petitioner had ten days from the entry of the Judgments to appeal his convictions.  Fed.R.App.P. 4(b)(1)(A).  Even with intervening weekends and legal holidays, see Fed.R.App.P. 26(a)(2), his time to file a direct appeal expired on January 4, 2000, more than five years before the Supreme Court decided Booker, and his one-year limitations period for filing this motion expired on January 3, 2001.  Nor can he claim entitlement to retroactive relief.  The Third Circuit in Lloyd concluded that "[b]ecause Booker announced a rule that is

'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued."  Lloyd, 407 F.3d at 615-16.

### III. CONCLUSION

Petitioner seeks relief under 28 U.S.C. § 2255.  The motion will be denied for the reasons stated herein.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Loc.App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the petition does not assert constitutional claims that can be redressed in this Section 2255 motion.

The Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

5